**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |
|---|---|
| THE CHRISTIAN BROADCASTING NETWORK, INC., <br><br>     Plaintiff, <br><br>  v. <br><br> MERCHSOURCE LLC, THREESIXTY BRANDS GROUP LLC d/b/a THREESIXTY GROUP LTD., and FAO ROC HOLDINGS LLC, <br><br>     Defendants. | Civil Action No. _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, The Christian Broadcasting Network, Inc. ("Plaintiff" or "CBN"), alleges the following in support of its Complaint against Defendants MerchSource LLC ("MerchSource"), ThreeSixty Brands Group LLC d/b/a ThreeSixty Group Ltd. ("ThreeSixty"), and FAO ROC Holdings LLC ("FAO") (collectively "Defendants"):

**I. Nature of the Action**

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 101, *et. seq.*

**II. Parties and Introduction**

2. CBN is a non-profit, charitable organization that provides cable, broadcast, and satellite transmission services to consumers nationwide and around the world. CBN offers a variety of news, sports, spiritual, family, child, health, finance, and entertainment programs.

3. CBN was formed and exists under the laws of the Commonwealth of Virginia, with its principal office located at 977 Centerville Turnpike, Virginia Beach, VA 23463. CBN was incorporated in the Commonwealth of Virginia on January 11, 1960.

4.       CBN is the owner of all right, title, and interest in and to various copyrights in works of art that are embodied by CBN's well-known motion picture character named "Gizmo" (hereinafter, "Gizmo Copyrighted Works"), two examples of which appear as follows:

 

Other examples of the Gizmo Copyrighted Works are depicted in Exhibit A hereto.

5.       CBN holds U.S. Copyright Registrations for each of the motion pictures which feature the Gizmo character, along with for certain original stationary pictures of the Gizmo character and a figurine that embodies the Gizmo character. These Copyright Registrations are identified by number in, and attached collectively as, Exhibit B hereto (hereafter and collectively the "Gizmo Registered Copyrights").

6.       On information and belief, Defendant MerchSource is a limited liability company formed in Delaware and headquartered in California with its principal place of business at 7755 Irvine Center Drive, Irvine, CA 92618, with a registered agent listed as Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.       On information and belief, Defendant ThreeSixty is a limited liability company formed in Delaware with its listed registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.      On information and belief, Defendant ThreeSixty's US headquarters are in California at 7755 Irvine Center Drive, Irvine, CA 92618.

9.      On information and belief, Defendant FAO is a limited liability company formed in Delaware with its registered agent as the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     On information and belief, Defendant FAO's headquarters are also located at 7755 Irvine Center Drive, Irvine, CA 92618.

11.     Defendants MerchSource, ThreeSixty, and FAO distribute and sell a humanoid robot toy called Mecha Rivals RC Ejecting Battle Robots ("Mecha Rivals") under the brand name SHARPER IMAGE (*see* Ex. K) that appears as follows:

 

Other examples of the Mecha Rivals product are depicted in Exhibit C hereto.

## III.    Subject Matter Jurisdiction

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because this case arises under the copyright laws of the United States.

13.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between CBN and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

**IV.     Factual Support for Personal Jurisdiction and Venue Over All Defendants**

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1400(a) because this Court has personal jurisdiction over all Defendants in this judicial district.

15.     This Court has personal jurisdiction over MerchSource, ThreeSixty, and FAO because all Defendants have sold and continue to sell the infringing Mecha Rivals product in Virginia, including in this judicial district.

16.     On information and belief, MerchSource is a wholly-owned subsidiary of ThreeSixty, and FAO is a shell corporation for ThreeSixty and MerchSource.

17.     On information and belief, ThreeSixty so dominates MerchSource, and ThreeSixty and MerchSource so dominate FAO, that the Defendants are in reality the same entity for all relevant purposes.

18.     MerchSource bills itself as a merchandise retailer and publicly claims ownership of several key brands, including SHARPER IMAGE—the brand under which the infringing product is sold in this case—and FAO SCHWARZ. *See* Exs. D, S.

19.     ThreeSixty also bills itself as a merchandise retailer and publicly claims ownership of many of the same brands as MerchSource, including SHARPER IMAGE and FAO SCHWARZ. *See* Exs. E, P, Q.

20.     On its website, ThreeSixty lists 7755 Irvine Center Drive, Irvine, CA 92618 as its US headquarters—the same address listed on the MerchSource website as the MerchSource headquarters, and the same address associated with FAO. *See* Exs. F, G, T.

21.     On information and belief, MerchSource and ThreeSixty share many of the same executives and other corporate decision-makers, including David Unter (Chief Financial Officer), Jill Nordquist (Chief Marketing Officer), and Adam Gromfin (Chief Legal Officer).

22.     In legal agreements for MerchSource on the MerchSource website (including the Code of Conduct Policy and required disclosures under the California Transparency in Supply Chains Act), the contracting entity is expressly identified as "ThreeSixty Group Ltd." *See* Ex. H.

23.     Customer Service for ThreeSixty (both international and domestic) is only available through the MerchSource website and not on the ThreeSixty website. *See* Exs. I, J.

24.     The District Court for the Northern District of California has already found ThreeSixty to be the real-party-in-interest for intellectual property disputes involving the SHARPER IMAGE brand where MerchSource was the named defendant. *See Dodocase VR, Inc. v. MerchSource LLC*, No. 17-CV-07088-EDL, 2018 WL 1475289, at \*1 (N.D. Cal. Mar. 26, 2018).

25.     Both ThreeSixty and MerchSource claim ownership of the SHARPER IMAGE brand. *See* Exs. D, E. All three Defendants also publicly claim ownership of another brand: FAO SCHWARZ. *See* Exs. P, Q, S, T.

26.     On its website and social media pages, Defendant ThreeSixty claims that "**[ThreeSixty's]** signature brands include the iconic FAO Schwarz [and] Sharper Image" brands. *See* Exs. P, Q.

27.     Defendant MerchSource also maintains control over the FAO SCHWARZ brand, as evidenced by the fact that when a FAO SCHWARZ product was recently found to pose a choking hazard to small children, it was MerchSource that issued the recall. *See* Ex. R. MerchSource further maintains a form on the MerchSource website to obtain a refund for recalled FAO SCHWARZ products, stating that "**MerchSource** . . . is conducting a voluntary recall . . . and providing a refund" for the toys. *See* Ex. S.

28.     In a recent trademark dispute, FAO stated that "[FAO] is the owner and operator of the iconic and world-famous FAO Schwarz® toy store." *FAO Roc Holdings LLC and*

*MerchSource LLC V. Saraceni*, No. 1:22-CV-831-AT, Dkt. 1 ¶ 10 (S.D.N.Y. Jan. 31, 2022). MerchSource is also a named plaintiff in the case, and the parties noted that both LLCs have the same "sole member . . . 360 Holdings III Corp."

29.     There are many FAO Schwarz brick-and-mortar locations throughout the United States, including within the Eastern District of Virginia at Concourse B of the Norfolk Airport, 2200 Norview Ave, Norfolk, VA 23518. On information and belief, the Defendants sell the infringing Mecha Rivals product at the Norfolk store and also make the product available for sale online through the interactive FAO Schwarz store website, with shipping to the Eastern District of Virginia. *See* Ex. N

30.     As explained on the MerchSource website, Defendants also "source[] and distribute[] consumer products to the nation's largest retailers" and their products, therefore, "can be found throughout major retailers nationwide." *See* Ex. L.

31.     On information and belief, Defendants sell products—including the infringing Mecha Rivals product—directly to third-party retailers, including within the Eastern District of Virginia.

32.     On information and belief, Defendants sell products—including the infringing Mecha Rivals product—through their own stores and to other nationwide retailers such as Amazon, Walmart, Walgreens, CVS, Target, Kohl's, Macy's, JCPenney, Bed Bath & Beyond, TJ Maxx, and Ross, including directly within the Eastern District of Virginia. *See, e.g.*, Exs. K, N.

33.     Through the interactive websites of the aforementioned retailers and their own interactive websites, Defendants make products available for purchase online—including the infringing Mecha Rivals product—to consumers located throughout the United States, including within the Eastern District of Virginia. *See, e.g.*, Exs. M, N, U.

34.     Defendants also sell products throughout the United States—including the infringing Mecha Rivals product—at their own brick-and-mortar stores and at brick-and-mortar stores for the retailers listed above and for those that may be determined through fact discovery in this case, including in the Eastern District of Virginia. *See, e.g.*, Exs. O, N.

35.     On information and belief, Defendants have sold the infringing Mecha Rivals product to many customers in the Eastern District of Virginia, including directly to third-party retailers in this District, directly to other consumers at brick-and-mortar stores in this District, and directly through interactive websites that offer shipping to this District.  Attached as Exhibit V is a copy of the receipt for the sale of the infringing Mecha Rivals product purchased at a Target store in Williamsburg, Virginia.

**V.      Factual Background of the Copyrighted and Infringing Works**

36.     CBN is a global Christian ministry that inspires millions of individuals nationwide and around the world. Founded in 1960 as a Christian radio station in Virginia, CBN has grown to reach individuals through television, radio, cable, satellite, internet, print, and live event programs.

37.     Of particular importance to CBN is creating programs to teach and uplift children. To this end, CBN created an original, animated television series called *Superbook* in the 1980s. Building on the success of the original series, CBN created a reimagined version of *Superbook*, using cutting-edge 3D technology, with new episodes starting in 2011 and continuing through today.

38.     The reimagined *Superbook* includes a character named "Gizmo"—a humanoid robot and one of the three main characters in the series. As a character, Gizmo has the ability to adapt form and is sometimes portrayed with triangular treads instead of legs. *See* Ex. A.

39.     Since 2011, Gizmo has become widely recognized and famous in the United States and around the world. Gizmo appears prominently in each of the 68 current episodes of the reimagined *Superbook*  and is present on screen for approximately 31% of the time across all episodes.

40.     The *Superbook* television series is widely disseminated throughout the United States and the world, regularly attracting tens of thousands of viewers per episode when it airs on network television. Since 2011, CBN has sold approximately 2.5 million *Superbook* DVDs, each prominently featuring Gizmo. The *Superbook* series is also available to stream online. *Superbook* videos featuring Gizmo have amassed over 1.2 billion views on YouTube, over 31.5 million views on Amazon Prime since July 2020 alone, and over 34.9 million views on the CBN website.

41.     In addition to the television series, Gizmo has been widely distributed as a toy figurine, on trading cards, in video games, in coloring books, in children's books, and in other print materials, in advertisements and other marketing materials, and as a life-sized costumed figure at live events. Gizmo is also prominently featured in several smartphone applications for *Superbook*, with more than 25 million unique downloads. Gizmo is also widely displayed on social media sites for *Superbook*, with approximately 5.3 million followers and tens of millions of monthly views across Facebook, Instagram, Twitter, YouTube, Pinterest, and TikTok.

42.     The reimagined *Superbook* and related merchandise and marketing materials have also been translated into more than 65 languages and dialects and adapted for audiences around the world, including in Europe, Asia, South America, the Middle East, and elsewhere.

43.     Due to the widespread fame, recognition, and distribution of *Superbook* and the Gizmo character, Defendants had a reasonable opportunity to view, and therefore gain access to, the Gizmo Copyrighted Works.  In addition and/or in the alternative, on information and belief,

Defendants had access to the Gizmo Copyrighted Works through common toy manufacturing supply chains in China and elsewhere, including but not limited to trade shows in China and elsewhere, where both the manufacturers and/or distributors of the Gizmo Copyrighted Works and the Mecha Rivals product operated.

44.     As mentioned above, Defendants design, manufacture, distribute, and sell a humanoid robot toy for children called "Mecha Rivals" under the SHARPER IMAGE brand that infringes the Gizmo Registered Copyrights:

| Gizmo Copyrighted Works | Infringing Mecha Rivals Product |
|---|---|







45.     Defendants' Mecha Rivals product is strikingly similar to original, protectable elements of the Gizmo Copyrighted Works, including *inter alia* the total concept and feel created

by the colors and orientation of the face, helmet, ear protrusions, fingers, hands, joints, and torso—with or without treads as a base.

46.     Both the Mecha Rivals product and the Gizmo character protected by the Gizmo Copyrights are humanoid robots. Both have a simple, grey face surrounded entirely by a red helmet. Both have red protrusions where the ears would be. Both have similar fingers and hands. Both have narrow joints that connect wide, lumber-jack-like, red forearms to rounded, red shoulders. Both have a predominantly red torso with black accents. Both can have triangular treads instead of legs. Both can have similar expressions.  Both can have a round circle in the middle of their upper bodies.  Both have remarkably similar proportions. Both are marketed to children.

47.     On information and belief, Defendants obtained physical possession of or otherwise viewed the Gizmo Copyrighted Works and copied and made a derivative work thereof to create the infringing Mecha Rivals product.

48.     Alternatively, Defendants are deemed to have copied the Gizmo Copyrighted Works because Defendants had access to the Gizmo Copyrighted Works due to their widespread dissemination, and because of the striking similarity of the Mecha Rivals product thereto.

49.     On information and belief—particularly given the striking similarity of the infringing Mecha Rivals product to the Gizmo character protected by the Gizmo Copyrights and the widespread accessibility of the Gizmo Copyrighted Works—Defendants knowingly and willfully copied the Gizmo Copyrighted Works when designing and developing the infringing Mecha Rivals product.

50.     Defendants copied the Gizmo Copyrighted Works without CBN's authorization, consent or knowledge, and without any remuneration to CBN.

51.     As a result of Defendants' actions described above, CBN has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and sale of the infringing Mecha Rivals product. Defendants have never accounted to or otherwise paid CBN for their use of the Gizmo Copyrighted Works.

52.     Defendants' acts are causing, and unless restrained will continue to cause, damage and immediate irreparable harm to CBN for which CBN has no adequate remedy at law.

## VI.     Claim for Relief – Federal Copyright Infringement

53.     CBN repeats and realleges paragraphs 1-52 as if fully set forth herein.

54.     The Gizmo Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. CBN is the exclusive owner of the Gizmo Copyrights. CBN owns a valid US copyright registration for each of the Gizmo Copyrights.

55.     Through Defendants' conduct alleged herein, Defendants have directly infringed CBN's exclusive rights in the Gizmo Registered Copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

56.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of the Gizmo Copyrighted Works and has enabled Defendants to illegally obtain profit therefrom.

57.     As a direct and proximate result of Defendants' infringing conduct alleged herein, CBN has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), CBN is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the infringing Mecha Rivals product, and an accounting of and a constructive trust with respect to such profits.

58.     Alternatively, CBN is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for each of CBN's works that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

59.     CBN is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

60.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, CBN has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

61.     On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Gizmo Registered Copyrights. CBN, therefore, is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## VII.   Prayer for Relief

62.     WHEREFORE, CBN prays that the Court:

1.     Enter judgment in favor of CBN and against Defendants that Defendants have violated the Copyright Act, 17 U.S.C. § 501;

2.     Enter a preliminary and permanent injunction enjoining Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from engaging in the activity complained of herein and from assisting, aiding, or abetting any other person or entity from engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein;

3.      Enter judgment that Defendants be ordered to provide an accounting of their profits attributable to their infringing conduct, including Defendants' profits from sales of the infringing Mecha Rivals product and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Gizmo Copyrighted Works;

4.      Enter judgment that Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies and inventory of the infringing Mecha Rivals product and any products and works that embody any reproduction or other copy or colorable imitation of the Gizmo Copyrighted Works, as well as the means for manufacturing them;

5.      Enter judgment that Defendants, at their own expense, be ordered to recall the infringing Mecha Rivals product from any distributors, retailers, vendors, or others that have distributed it on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody it or the Gizmo Copyrighted Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it;

6.      Declare that Defendants' conduct has been willful;

7.      Enter judgment awarding CBN Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the infringing Mecha Rivals product and any products, works, or other materials that include, copy, are derived from, or

otherwise embody it or the Gizmo Copyrighted Works, or in the Court's discretion such amount as the Court finds to be just and proper;

8.    Enter judgment awarding CBN damages sustained as a result of Defendants' infringing conduct, in an amount to be proven at trial;

9.    Should CBN so elect, enter judgment awarding CBN the full extent of statutory damages available pursuant to 17 U.S.C. § 504(a)-(c);

10.    Enter judgment awarding CBN's attorneys' fees and costs;

11.    Enter judgment awarding CBN interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

12.    Order such other and further relief that the Court deems just and reasonable.

## VIII.   Demand for Jury Trial

63.    CBN respectfully requests trial by jury for the foregoing matters so triable.

Dated: January 25, 2023

Respectfully submitted,

*/Louis A. Isakoff/*

Patrick J. Arnold Jr. *(pro hac vice forthcoming)*
Illinois Bar No. 6203666
**MCANDREWS, HELD & MALLOY, LTD.**
500 W. Madison St., 34th floor
Chicago, IL 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
Email: parnold@mcandrews-ip.com

Louis A. Isakoff, Esq.
Virginia Bar No. 26776
977 Centerville Turnpike, SHB 202
Virginia Beach, VA  23463
Tel: (757) 226-2794
Fax: (757) 226-2793
Email: lou.isakoff@cbn.org

*Attorneys for Plaintiff, The Christian Broadcasting Network, Inc.*

15